## OTIS STEEL CO v JOHNSON

Ohio Appeals, 8th Dist., Cuyahoga Co

No. 10287.  Decided November 4, 1929

Messrs. Tolles, Hogsett & Ginn, Cleveland, for Steel Co.

Mr. E. W. H. Rossin, Esq., Cleveland, for Johnson.

or for value. When it ordered the bank to pay it put itself in the position of court and jury and found that Daitch took it in good faith and for value. In our opinion it was clearly the duty of the Steel Company to withhold the payment of the check. The only course which would have been left to Daitch was to enter suit upon the check against the Steel Company. We do not know but in the event of such suit it might have been brought out that he was not a holder in good faith, or that he did not pay value for it. When the Steel Company ordered payment to Daitch it did so at its own risk and without affecting whatever rights Clarence Johnson may have had in the premises.

For the reasons given the judgment of the Municipal Court is affirmed.

Vickery, PJ., Levine and Sullivan, JJ., concur.

## TOLEDO, BOWLING GREEN & SOUTHERN TRAC CO v WOOD CO MUTUAL FIRE INS CO

Ohio Appeals, 6th Dist, Wood Co

No. 458.  Decided November 12, 1929

## PER CURIAM

It is claimed that the principal issue in this case is whether or not 'Daitch, to whom the Steel Company paid the check, was a holder in due course and thus entitled to payment, although it had notice at the time that the check had been stolen from the person to whom it was first delivered.

We are referred to certain sections of the General Code claimed to be pertinent to the issue. **Section 8114, Section 8135, Section 8157.**

It is urged that the conditions set forth in said section were present in this case. First, the check was complete and regular upon its face. Second, Daitch became the holder of it before it was overdue, and without notice that it previously had been dishonored, if such was the fact. Third, that he took it in good faith and for value. Fourth, that at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it.

There is but one difficulty with the contention of the plaintiff in error, and that is that by ordering the bank to pay Daitch the amount of the check after it had full notice that the check had been stolen from Clarence Johnson, it deprived Clarence Johnson of an opportunity to show that Daitch did not take it in good faith